UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Aaron Gilson</u>
<u>and Ami Gilson</u>,
    Plaintiffs

   v.                                    Civil No. 03-cv-478-SM
                                         Opinion No. 2005 DNH 095
<u>Grapek Company and</u>
<u>Parker-Hannifin Corporation</u>,
    Defendants

## **O R D E R**

Aaron and Ami Gilson have sued Grapek Company and Parker-Hannifin Corporation[1] in ten counts for injuries Aaron Gilson allegedly received when the hose of a tar sprayer exploded, covering his hand and fingers with hot tar.  Before the court is Parker-Hannifin's motion for summary judgment on all six of the counts against it (Counts I, II, IV, VI, VIII, and X).  Plaintiffs object.  For the reasons given, defendant's motion for summary judgment is granted in part and denied in part.

---

[1] A third defendant, Graco, Inc., has been dismissed, with prejudice, with the assent of all parties.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case."  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986)).

"The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists."  Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003) (citing Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).  When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  See Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003) (citing Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 185 (1st Cir. 2003)).

**Background**

In November, 2000, plaintiff Aaron Gilson was a foundation waterproofer, and in that occupation he used a high-pressure tar spraying system designed and manufactured by former defendant Graco and distributed by defendant Grapek. One component of the tar spraying system was a whip hose manufactured by Parker-Hannifin. The whip hose connects a spray nozzle to a larger hose which, in turn, connects to a tank that holds hot tar. On November 3, 2000, while Aaron Gilson was using the tar spraying system, the whip hose failed, which resulted in hot tar being discharged onto his hand and fingers.

As a result of his injuries, Aaron Gilson and his wife Ami sued Parker-Hannifin, Graco, and Grapek, in ten counts. Against Parker-Hannifin, they asserted claims of strict liability (Count I), res ipsa loquitur (Count II), negligent design and manufacture, including failure to warn (Count IV), negligent failure to test and inspect (Count VI), breach of express warranty (Count VIII), and breach of implied warranty (Count X).

**Discussion**

A.  Count I

In Count I, plaintiffs assert that the whip hose manufactured by Parker-Hannifin was unreasonably dangerous due to design and manufacturing defects.  Defendant moves for summary judgment on grounds that plaintiffs' expert's deposition does not support a finding that the whip hose was originally sold in a defective condition.  Plaintiffs counter that genuine issues of material fact preclude summary judgment, and refine their strict liability count to include claims that the whip hose was defectively designed because it did not include spring guards and did not include effective warnings.

Regarding the spring-guard claim, plaintiffs' expert, Dr. Wilson, testified that the whip hose failed at a location that was subject to high repeating stress and that high repeating stress can be relieved or reduced by use of a spring guard, which made the absence of a spring guard a design defect.  Defendant counters by pointing to additional testimony from Dr. Wilson tending to suggest that the responsibility for deciding whether

4

to use a spring guard falls to individual users and that if Aaron Gilson's employer purchased the hose, without a spring guard, from a middleman, he would not be critical of Parker-Hannifin. Acceptance of defendant's argument would require crediting one part of the expert's deposition over another.  In other words, defendant asks the court to resolve a material factual issue that appears to be disputed.  Such fact questions, however, are for the trier of fact, not the court on summary judgment.

   Defendant's motion for summary judgment on plaintiffs' failure-to-warn claim suffers from a similar infirmity. According to defendant, plaintiffs' expert "is unable to say, more probably than not, that . . . a warning would have made any difference" and "[h]e would have to speculate as to whether or not such a warning would have made a difference in this case." While it appears that expert testimony will be necessary to assist the jury in deciding the issue of causation, the expert's inability to determine whether Gilson's employer would have heeded an adequate warning regarding the use of spring guards does not entitle defendant to summary judgment.  It is for the

5

jury to determine, from all of the evidence, whether an adequate warning would have been effective.

Plaintiffs have identified several genuine issues of material fact related to their strict liability claims that must be resolved by a jury.  Defendant is not entitled to judgment as a matter of law on Count I.

B.  Count II

Defendant also moves for summary judgment on Count II on grounds that res ipsa loquitur is not a cause of action.  "Res ipsa loquitur 'is merely a rule identifying the elements of circumstantial evidence that are sufficient to get a plaintiff's case to the jury and allow the jury to return a plaintiff's verdict." Durocher v. Rochester, 137 N.H. 532, 536 (1993) (quoting Cowan v. Tryolean Ski Area, Inc., 127 N.H. 397, 400)). Because the res ipsa loquitur doctrine is neither a theory of liability nor a cause of action, Parker-Hannifin is entitled to summary judgment on Count II.  Count II is also dismissed, sua sponte, as to Grapek.

C.  Count IV

Count IV is, in essence, plaintiffs' strict product liability claim, restated as a negligence claim. Defendant moves for summary judgment on grounds that plaintiffs cannot prove that the whip hose was defective when it left the factory. Defendant's argument, however, is based upon the proposition that neither the absence of a spring guard nor the absence of a spring-guard warning can constitute negligence in design or manufacture. It is not apparent, as a matter of law, that defendant is correct, and the attendant factual and legal issues are insufficiently developed to permit such a finding. Defendant is not entitled to summary judgment on Count IV.

D.  Count VI

Count VI states a second negligence claim for failure to test and inspect. As with Count IV, defendant offers no admissible evidence in support of its motion for summary judgment, but simply relies upon the disputed proposition that the whip hose was free from defects. Accordingly, defendant's motion for summary judgment on Count VI is also denied.

E.  Counts VIII and X

Defendant argues it is entitled to summary judgment on plaintiffs' two breach of warranty claims because plaintiffs cannot prove a defect in manufacture, design, or warning.  The court rejected that argument in denying summary judgment on plaintiffs' strict liability and negligence claims.  Defendant is also not entitled to summary judgment on Counts XIII and X.

## Conclusion

For the reasons given, defendant's motion for summary judgment (document no. 26) is granted with respect to Count II but is otherwise denied.  The case shall remain on track for trial of the remaining nine claims.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 17, 2005

```
cc:   Kenneth G. Bouchard, Esq.
      Robin C. Curtiss, Esq.
      William McCandless, Esq.
      Christopher J. Poulin, Esq.
```